FILED IN OPEN COURT

CHARLES R. DIARD, JR.
CLERK

JUL 13 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 23-CR-00100-KD |
| | ) | |
| JUSTIN GORMON | ) | |

## PLEA AGREEMENT

The defendant, **JUSTIN GORMON**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.    The defendant understands his rights as follows:

    a.    To be represented by an attorney;

    b.    To plead not guilty;

    c.    To have a trial by an impartial jury;

    d.    To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e.    To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Indictment, charging a violation of Title 18, United States Code, Section 875(c), Interstate Communication of a Threat to Injure.

3.    The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false

1

Rev. 9/2021

statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or

2

Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9.  This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Count One of the Indictment is:

a.  Five (5) years' imprisonment;

b.  A fine not to exceed $250,000;

c.  A term of supervised release of three (3) years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.  A mandatory special assessment of $100.00; and

e.  Such restitution as may be ordered by the Court.

3

Rev. 9/2021

## SENTENCING

12.    The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13.    The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14.    The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15.    Both the defendant and the United States are free to allocute fully at the time of sentencing.

4

Rev. 9/2021

16.    The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17.    Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

18.    The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

5

Rev. 9/2021

## FINANCIAL OBLIGATIONS

19.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

20.    The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

21.    The United States will recommend to the Court that the defendant receive a non-custodial sentence.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

22.    As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Accordingly, the

6

defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

      a.    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1)    any sentence imposed in excess of the statutory maximum;

      (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

23.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

24.    The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

25.    If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

**VIOLATION OF AGREEMENT**

26.    The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the

7

exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

27.   In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

28.   This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: July 13, 2023

*/s/ Kasee S. Heisterhagen*
Kasee S. Heisterhagen
Assistant United States Attorney

Date: July 12, 2023

*/s/ Kacey Chappelear*
Kacey Chappelear
Assistant United States Attorney
Deputy Chief, Criminal Division

8

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 7-13-23

X _____
JUSTIN GORMON
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 7-13-23

X _____
Lawanda O'Bannon
Attorney for Defendant

9

Rev. 9/2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 23-CR-00100-KD** |
| | ) | |
| **JUSTIN GORMON** | ) | |

## FACTUAL RESUME

The defendant, **JUSTIN GORMON**, admits the allegations of Count One of the Indictment.

## ELEMENTS OF THE OFFENSE

**JUSTIN GORMON** understands that in order to prove a violation of Title 18, United States Code, Section 875(c), as charged in Count One of the Indictment, the United States must prove:

First:    The Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and

Second:   The Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

## OFFENSE CONDUCT

Defendant, **JUSTIN GORMON**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **GORMON's** plea of guilty. The statement of facts does not contain each and every fact known to **JUSTIN GORMON** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

1

Rev. 9/2021

On April 21, 2023, at approximately 11:00pm CST, Mobile Police Department Officers conducted a traffic stop of a black Chevrolet Tahoe in Mobile, Alabama. One of the passengers in the vehicle began using his smartphone to stream live video on the Instagram social media platform under username "Milt100_it." The individual streaming the video pointed his phone at one of the Police Officers, whose initials are M. M., and asked the Officer's name, which the officer provided.

The traffic stop concluded, but the individual streaming the video continued to broadcast from his phone. While doing so, the Instagram user with account name "_kfw23" commented on the video, "Imm smoke [M. M.] when I catch em." The Instagram account "_kfw23" was identified as being controlled by **JUSTIN GORMON**. Shortly thereafter, the Instagram user with account name "thereal1_ybeezy" also commented on the Instagram live video stating, "We got some for [M. M.]," followed by "Justin wya we finna find [M. M.]". The Instagram account "thereal1_ybeezy" was identified as being controlled by JAMARCUS MANUEL. As alleged in the Indictment, **GORMON** admits that he wrote: "imma smoke [M. M.] when I catch em" and MANUEL responded with: "we got some for [M. M.]" and "Justin way we finna find [M. M.]."

Special Agents with the Federal Bureau of Investigation determined that the transmissions made by **GORMON** and MANUEL as part of the ongoing Instagram stream travelled in interstate commerce. **GORMON** admits that in making the statements, he sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

Rev. 9/2021

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY


Date: July 13, 2023

/s/ Kasee S. Heisterhagen
Kasee S. Heisterhagen
Assistant United States Attorney


Date: July 12, 2023

/s/ Kacey Chappelear
Kacey Chappelear
Assistant United States Attorney
Deputy Chief, Criminal Division


Date: 7-13-23

X Justin Gormon
JUSTIN GORMON
Defendant


Date: 7-13-23

Lawanda O'Bannon
Attorney for Defendant


3

Rev. 9/2021